No. 22-55633
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

CALEY RAE PAVILLARD,

*Plaintiff-Appellee*,

v.

IGNITE INTERNATIONAL, LTD.,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-01306-RGK-E
Hon. R. Gary Klausner

_____

**APPELLANT IGNITE INTERNATIONAL, LTD.'S OPENING BRIEF**

_____

Ryan A. Ellis, Esq.
RYAN ELLIS LAW
3268 Governor Drive, Suite 140
San Diego, CA 92122
(858) 247-2000
ryan@ryanellislaw.com

*Attorneys for Appellant*
IGNITE INTERNATIONAL, LTD.

# CORPORATE DISCLOSURE STATEMENT

Ignite International, Ltd. submits the following corporate disclosure pursuant to Federal Rule of Appellate Procedure 26.1: (1) Ignite International, Ltd. is a wholly owned subsidiary of Ignite International Brands, Ltd. and (2) no publicly held corporation owns ten percent or more of Ignite International, Ltd.

Date: this 10th day of November, 2022

                                    RYAN ELLIS LAW

                                    */s/ Ryan A. Ellis*
                                    Ryan A. Ellis, Esq.
                                    RYAN ELLIS LAW
                                    3268 Governor Drive, Suite 140
                                    San Diego, CA 92122
                                    (858) 247-2000
                                    ryan@ryanellislaw.com

                                    *Attorneys for Appellant*
                                    IGNITE INTERNATIONAL, LTD.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ............................................................................... iii

INTRODUCTION .................................................................................................. 1

JURISDICTIONAL STATEMENT ....................................................................... 4

STATEMENT OF ISSUES .................................................................................... 4

STATEMENT OF THE CASE ............................................................................... 5

SUMMARY OF THE ARGUMENT ..................................................................... 6

STANDARD OF REVIEW .................................................................................... 7

ARGUMENT ......................................................................................................... 8

    I.      The District Court Erred by Finding the Plaintiff-Appellee's Claim was an Action for the Nonpayment of Wages Versus an Action for Waiting Time Penalties. ................................................................. 8

    II.     A Plaintiff Is Not Entitled to an Award of Attorneys' Fees and Costs Pursuant to California Labor Code §218.5 for Solely a Waiting Time Penalty Claim. ............................................................................ 12

CONCLUSION .................................................................................................... 13

STATEMENT OF RELATED CASES ................................................................ 14

CERTIFICATE OF COMPLIANCE ................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aleman v. AirTouch Cellular*
    209 Cal. App. 4th 556, 146 Cal. Rptr. 3d 849 (2012)..........................8

*Barnard v. Theobald*
    721 F.3d 1069 (9th Cir. 2013)............................................................7

*Childress v. Darby Lumber, Inc.*
    357 F.3d 1000 (9th Cir. 2004) ...........................................................7

*Clausen v. M/V New Carissa*
    339 F.3d 1049 (9th Cir. 2003) ...........................................................7

*Kempf v. Barrett Bus. Servs., Inc.*,
    336 Fed. Appx. 658 (9th Cir. 2009)....................................................1

*Kirby v. Immoos Fire Protection, Inc.*
    53 Cal. 4th 1244, 140 Cal. Rptr. 3d 173,
    274 P.3d 1160 (Cal. 2012) ........................... 2, 3, 8, 9, 10, 11, 12

*Kohler v. Presidio Int'l, Inc.*
    782 F.3d 1064 (9th Cir. 2015) ...........................................................7

*Ling v. P.F. Chang's China Bistro, Inc.*
    245 Cal.App.4th 1242,
    200 Cal. Rptr. 3d 230 (Cal. 2016).................. 2, 3, 10, 11, 12, 13

*Naranjo v. Spectrum Security Services, Inc.*
    13 Cal.5th 93, 293 Cal. Rptr. 3d 599,
    509 P.3d 956 (Cal. 2022).............................................. 2, 10, 11

*Naranjo v. Spectrum Security Services, Inc.*
    40 Cal.App.5th 444,
    253 Cal.Rptr.3d 248 (2019) ........................................ 11, 12, 13

# TABLE OF AUTHORITIES (cont.)

...

                                                                                     **Page(s)**

*Native Village of Quinhagak*
    307 F.3d at 1079 (9th Cir. 2002) .................................................................7

*Roberts v. City of Honolulu*
    938 F.3d 1020, 1023 (9th Cir. 2019) ..........................................................7

*Stetson v. Grissom*
    821 F.3d 1157, 1163 (9th Cir. 2016) ..........................................................7

**Statutes**

California Labor Code §200(b) ..............................................................................12

California Labor Code §201 .....................................................................................2

California Labor Code §201(a) .................................................................................1

California Labor Code §203 ........................................................ 1, 2, 3, 5, 6, 10, 11, 12

California Labor Code §218.5 .................................................. 1, 2, 3, 4, 6, 8, 9, 10, 12

California Labor Code §226.7 ........................................................................ 9, 10, 11

California Labor Code §1194 ...............................................................................8, 9

28 U.S.C. § 1291 .....................................................................................................4

28 U.S.C. § 1332 .....................................................................................................4

**Rules**

FRAP 4(a)(1)(A) .......................................................................................................4

FRCP 50 ..................................................................................................................5

FRCP 54(d)(1) .........................................................................................................8

FRCP 54(d)(2)(B) ....................................................................................................8

**INTRODUCTION**

*Caley Rae Pavillard v. Ignite International, Ltd. et. al.* (2:21-cv-01306) ("Action") was an action for late-wage-payment penalties pursuant to California Labor Code §203 only. Thus, an Action for waiting time penalties only. This is the second appeal in the Action dealing with an award of attorneys' fees and costs pursuant to California Labor Code §218.5. The first appeal is still pending regarding the motion for judgment as a matter of law.

Plaintiff-Appellee was awarded attorneys' fees and costs pursuant to California Labor Code §218.5. The problem is that such fees are only awarded if Plaintiff-Appellee prevailed on an action for nonpayment of wages, which this is not. The Action is NOT a claim for unpaid wages, as the sole cause of action contained in the Complaint filed by Plaintiff-Appellee was for late-wage-payment penalties pursuant to California Labor Code §203 – thus, waiting time penalties only. The case law is clear that an employee cannot recover attorneys' fees and costs for successfully winning waiting time penalties under California Labor Code section 203.

Further and more troubling is that the district court relied solely on old law *Kempf v. Barrett Bus. Servs., Inc.*, 336 Fed. Appx. 658, 662 (9th Cir. 2009) (affirming district court's award of attorneys' fees under §218.5 for a violation of §201(a)) and ignored the fact that this Action involved California Labor Code §203

1

NOT California Labor Code §201. Case law has clarified and limited the claims for which a plaintiff can obtain attorneys' fees in employment cases in California. Although California Labor Code section 218.5 permits a prevailing plaintiff to recover his/her attorneys' fees if he/she prevails on a "wage claim," claims for meal and rest breaks are not "wage claims." *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 154, 140 Cal. Rptr. 3d 173, 274 P.3d 1160 (Cal. 2012) (holding that neither California Labor Code section 1194 (permitting a plaintiff to recover attorneys' fees for failure to pay minimum wage) or California Labor Code section 226.7 permitted the recovery of attorneys' fees because meal and rest claims are not claims for minimum wages and are not claims for the nonpayment of wages).

*Kirby* represents a growing body of caselaw that properly interprets these fee shifting statutes based on their own terms. Most importantly based on such case law, Courts have found that an employee cannot recover attorneys' fees for prevailing on waiting time penalties under California Labor Code section 203. In *Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal.App.4th 1242, 1260-61, 200 Cal. Rptr. 3d 230 (Cal. 2016) *disapproved on other grounds in Naranjo v. Spectrum Security Services, Inc.*, 13 Cal.5th 93, 117, 293 Cal. Rptr. 3d 599, 509 P.3d 956 (Cal. 2022) (The Supreme Court specifically stated "this case does not concern attorney fees under Labor Code section 218.5.), the court noted that an employee could not "transmute" a claim for missed breaks into one for unpaid

wages by bringing a derivative claim for waiting time penalties. *Id*. at 1261. Just as under *Kirby*, while waiting time penalties are measured in wages, those penalties are—as California Labor Code Section 203 states expressly—"penalties" and not wages. Accordingly, the court concluded that no fees could be awarded, because the waiting time claim was "purely derivative" of a claim for meal break premium pay. *Id*. Because the underlying claim did not involve a failure to pay earned wages, the Court held that the waiting time claim did not either, so could not support a claim for fees on either side. *Id*. Thus, the Court held that the recently amended California Labor Code Section 218.5 permits employers to recover attorneys' fees and costs only if the employee filed the action for unpaid wages in bad faith. *Id*. Thus, as in *Ling*, Plaintiff-Appellee is not entitled to any attorneys' fees for her successful (albeit limited) victory on her award for late-wage-payment penalties.

Thus, the district court erred when it awarded Plaintiff-Appellee attorneys' fees and costs for a California Labor Code §203 claim. The district court relied on old law, incorrectly awarded such fees and costs on the wrong basis, as this was not a wage claim, and ignored the briefing in this matter. As such, this Court must reverse the district court's order awarding the Plaintiff-Appellee attorneys' fees and costs.

3

# JURISDICTIONAL STATEMENT

The district court initially obtained jurisdiction of this case pursuant to 28 U.S.C. §1332. This appeal is from an order granting a motion for attorneys' fees and costs therefore the Court has jurisdiction pursuant to 28 U.S.C. §1291. The district court's order granting the motion for attorneys' fees and costs was entered on June 17, 2022. ER 3-8.[1] Defendant-Appellant filed the notice of appeal on July 1, 2022. ER 41-43. The appeal is thus timely under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. The appeal is from a final order related to the award of attorneys' fees and costs, but is not dispositive of all the claims in this matter, which relate to the judgment and is subjectp to the first appeal in this matter No. 22-55442.

# STATEMENT OF ISSUES

1. Did the district court err when it found that Plaintiff-Appellee's claim was an "action brought for the nonpayment of wages" versus an action for waiting time penalties when awarding attorneys' fees and costs?

2. Whether under California law a Plaintiff can be awarded attorneys' fees and costs pursuant to California Labor Code §218.5 for a waiting time penalty claim versus a wage claim?

---

[1] For purposes of this brief, ER refers to Defendant-Appellant's Excerpts of Record and excerpts are cited as follows: (ER #)

# STATEMENT OF THE CASE

On October 2, 2020, Caley Rae Pavillard ("Plaintiff-Appellee") filed a lawsuit against Ignite International, Ltd. ("Ignite" or "Defendant-Appellant") on one sole count seeking waiting-time penalties for Ignite's alleged failure to properly pay her wages upon discharge. ER 44-59. A jury found Ignite liable, which entitled Plaintiff-Appellee to waiting-time penalties under Labor Code §203. After trial, Defendant filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, but the Court denied the motion and awarded Plaintiff-Appellee $90,000 in penalties. ER 44-59. Ignite has appealed this ruling, and the appeal is still pending. ER 44-59.

Thereafter, Plaintiff-Appellee filed a Motion for Attorneys' Fees and Costs, which the Court granted in part, after full briefing, including a Supplement to Memorandum of Points and Authorities in Support of Opposition to Plaintiff' Combined Motion for Attorneys' Fees filed by Ignite. ER 13-43; 44-59. Despite such briefing, the district court's order ignores all of Ignite's briefing. ER 3-59. Thus, this appeal followed as the court awarded Plaintiff-Appellee attorneys' fees and costs pursuant to California Labor Code §218.5. ER 3-8. The problem is that such fees are only awarded if Plaintiff-Appellee prevailed on an action for nonpayment of wages, which this case is not, and for which the district court incorrectly stated in its order. ER 3-8. The sole cause of action contained in the

Complaint filed by Plaintiff-Appellee was for late-wage-payment penalties pursuant to California Labor Code §203 – waiting time penalties only. ER 44-59. Thus, the district court erred when it awarded Plaintiff-Appellee attorneys' fees and costs in this matter.

## SUMMARY OF THE ARGUMENT

As a result of the district court erroneously finding that Plaintiff-Appellee's sole claim for waiting time penalties under California Labor Code §203 was "an action brought for the nonpayment of wages," the district court awarded Plaintiff-Appellee attorneys' fees and costs. The problem is that the sole cause of action contained in the Complaint filed by Plaintiff-Appellee was for late-wage-payment penalties pursuant to California Labor Code §203 – thus, waiting time penalties only. Plaintiff-Appellee herself did not even make a claim for any sort of wages Because a section 203 claim is purely derivative of an action for the wages from which the penalties arise, it cannot be the basis of a fee award when the underlying claim is not an action for wages. The trial courts' finding that the claim is "predicated" on wages is contradictory to the prevailing and controlling case law. ER 3-8.

Furthermore, and importantly, the case law is clear that an employee cannot recover attorneys' fees and costs for successfully winning waiting time penalties under California Labor Code section 203. California Labor Code Section 218.5

only permits employers to recover attorneys' fees and costs if the employee filed the action for unpaid wages in bad faith. Thus, the district court erred when it awarded Plaintiff-Appellee attorneys' fees and costs in this matter.

## STANDARD OF REVIEW

Attorneys' fees awards are generally reviewed for an abuse of discretion. *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019); *Stetson v. Grissom*, 821 F.3d 1157, 1163 (9th Cir. 2016); *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068 (9th Cir. 2015); *Barnard v. Theobald*, 721 F.3d 1069, 1075 (9th Cir. 2013) ("We review the district court's decision to award attorney fees, and its method of calculation, for abuse of discretion."); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004). However, whether the district court applied the correct legal standard is reviewed de novo. *See Roberts*, 938 F.3d at 1023. Thus, any element of legal analysis and statutory interpretation that figures into the district court's decision whether to award fees is reviewed de novo. *See Childress*, 357 F.3d at 1011; *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1061–62 (9th Cir. 2003) (reviewing de novo whether statute permits an award of fees); *Native Village of Quinhagak*, 307 F.3d at 1079 (9th Cir. 2002) (reviewing de novo "statutory interpretation" underlying fee award). As this appeal involves the district court misinterpreting the legal standard and the California Labor Code in awarding attorneys' fees and costs, the order appealed must be reviewed de novo.

7

# ARGUMENT

I. **The District Court Erred by Finding the Plaintiff-Appellee's Claim Was an Action for the Nonpayment of Wages Versus an Action for Waiting Time Penalties.**

FRCP 54(d)(2)(B) provides for attorney's fees to be awarded to a prevailing party: "Unless a statute or a court order provides otherwise." Similarly, costs shall be taxed as provided in FRCP 54(d)(1) unless a statute or a court order provides otherwise. Here, there is a statute that provides otherwise. Attorney's fees and costs in wage-and-hour cases are covered by two sections of the California Labor Code: sections 218.5 and 1194. *Aleman v. AirTouch Cellular*, 209 Cal. App. 4th 556, 579, 146 Cal. Rptr. 3d 849 (2012). "Sections 218.5 and 1194 cover similar, though functionally exclusive subjects." *Id*. Section 218.5 covers, among other things, claims "for the nonpayment of wages," except those claims subject to Section 1194. Section 1194, in turn, covers claims for failure to pay minimum wage or overtime. Fees are assessed on a claim-by-claim basis. *Id*. at 584.

Case law has clarified, and thereby limited, the claims for which a plaintiff can obtain attorney's fees or costs in labor cases in California. Although California Labor Code section 218.5 permits a prevailing plaintiff to recover his/her attorney's fees and costs if he prevails on a "wage claim," that claims for meal and rest breaks are not "wage claims." *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 140 Cal. Rptr. 3d 173, 274 P.3d 1160 (Cal. 2012) (holding that

neither Labor Code section 1194 (permitting a plaintiff to recover attorney's fees for failure to pay minimum wage) or California Labor Code section 226.7 (permitted the recovery of attorney's fees and costs because meal and rest claims are not claims for minimum wages and are not claims for the nonpayment of wages.)

In *Kirby*, the California Supreme Court considered the issue of whether a party can recover fees and costs under California Labor Code sections 218.5 or 1194 when it prevails only on a claim for meal or rest break premium pay. The court determined that neither of these sections allow for fees or costs, and neither party can recover fees based on a claim only for premium pay. *Id*. at 1251-59. "The Legislature intended missed meal periods claims to be governed by the default American Rule that each party bear its own attorneys' fees." *Id*.

First, the *Kirby* Court held that by its plain terms, section 1194 applies only to claims within the usual meaning of minimum wage and overtime – i.e., failure to pay the minimum wage or overtime compensation set by statute. *Id*. at 1251-55. Second, the *Kirby* court found section 218.5 inapplicable because it only applies to claims for "nonpayment of wages." *Id*. at 1255-57. The court noted that the basis of a section 226.7 claim is the failure to provide meal or rest breaks, rather than the non-payment of wages. *Id*. at 1256-57 ("Nonpayment of wages is not the gravamen of a 226.7 violation. Instead . . . section 226.7 defines a legal violation

9

solely by reference to an employer's obligation to provide meal and rest breaks.") Accordingly, while premium pay owed for missed meal or rest breaks is measured in terms of an hour's pay, and deemed a "wage" for other purposes (such as the statute of limitations) this is only the statutory remedy. *Id*. The injury is not a failure to provide premium pay, but the failure to provide breaks, and therefore a prevailing plaintiff is not entitled to attorney's fees under these provisions.

*Kirby* represented a growing body of caselaw that properly interprets these fee shifting statutes based on their own terms. In *Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal.App.4th 1242, 1260-61, 200 Cal. Rptr. 3d 230 (Cal. 2016) *disapproved on other grounds in Naranjo v. Spectrum Security Services, Inc.*, 13 Cal.5th 93, 117, 293 Cal. Rptr. 3d 599, 509 P.3d 956 (Cal. 2022) (The Supreme Court specifically stated that "this case does not concern attorney fees under Labor Code section 218.5), the Court considered the issue where a plaintiff arbitrated her claims before JAMS and the arbitrator rejected plaintiffs' primary theory of misclassification. *Id*. at 1248-49. Instead, the arbitrator awarded plaintiff $1,038 in break premium for her nine-week training period, which "received little attention at the hearing," was raised by plaintiff only in post-hearing briefing, and where it was largely undisputed that the plaintiff was entitled to breaks. *Id*. at 1248. The arbitrator awarded $7,688 in waiting time penalties under section 203. *Id*. Among many other issues on appeal, the plaintiff claimed that the arbitrator

erred in failing to award her attorney's fees and costs on her successful claim under Labor Code section 203. The Court of Appeals disagreed. It noted that employee could not "transmute" a claim for missed breaks into one for unpaid wages by bringing a derivative claim for waiting time penalties. *Id*. at 1261. Just as under *Kirby*, while waiting time penalties are measured in wages, those penalties are—as Section 203 states expressly—"penalties" and not wages. The Court of Appeals concluded that no fees or costs could be awarded, because the waiting time claim was "purely derivative" of a claim for meal break premium pay. *Id*.

Subsequently, in *Naranjo v. Spectrum Security Services, Inc*., 40 Cal.App.5th 444, 253 Cal.Rptr.3d 248 (2019) *disapproved on other grounds in Naranjo v. Spectrum Security Services, Inc*., 13 Cal.5th 93, 117, 293 Cal. Rptr. 3d 599, 509 P.3d 956 (Cal. 2022) (The Supreme Court specifically stated that "this case does not concern attorney fees under Labor Code section 218.5.), the Second District Court of Appeal, agreeing with *Ling*, held that meal and rest break claims cannot establish a claim for "waiting time penalties." *Naranjo* also held that not providing meal and rest breaks claims cannot establish a derivative wage statement violation. In rejecting the plaintiff's derivative wage statement theory based on the failure to pay premium wages for not providing breaks, the *Naranjo* court opined that "Section 226.7's premium wage is a statutory remedy for an employer's

conduct, not an amount "earned" for "labor, work, or service … performed personally by the [employee]." (§ 200, subd. (b).)." *Id*. at 474.

The key in this Action is that Plaintiff-Appellee's sole cause of action for waiting time penalties is not an action for the non-payment of wages under California Labor Code section 203.

**II.     A Plaintiff is Not Entitled to an Award of Attorneys' Fees and Costs Pursuant to California Labor Code §218.5 for Solely a Waiting Time Penalty Claim.**

Based on case law such as *Kirby,* Courts have found that an employee cannot recover attorney's fees for successfully winning solely waiting time penalties under Labor Code section 203.

In *Ling*, because the underlying claim did not involve a failure to pay earned wages, the Court held that the waiting time claim did not either, so could not support a claim for fees on either side. 245 Cal.App.4th at 1261 ("Because a section 203 claim is purely derivative of 'an action for the wages from which the penalties arise,' it cannot be the basis of a fee or cost award when the underlying claim is not an action for wages."). Thus, the Court held that California Labor Code Section 218.5 permits employers to recover attorneys' fees and costs ***only*** if the employee filed the action for unpaid wages in bad faith. *Id*. Following *Ling*, the Court in *Naranjo* also did not allow a recovery of attorney's fees and costs for an

award of only penalties for missed meal and/or rest periods and not a claim for unpaid wages.

Thus, as in *Ling* and *Naranjo*, Plaintiff-Appellee is not entitled to any attorneys' fees or costs for her successful (albeit limited) victory on her award for late-wage-payment penalties.

## CONCLUSION

For all of the foregoing reasons, Defendant-Appellant Ignite respectfully requests that this Court reverse the district court's order granting the motion for attorneys' fees and costs (ER 3-8), instruct the District Court to remove the attorney fee award from the Judgment in this matter, and grant such other relief as this Court deems just.

Dated this 10th day of November, 2022.

RYAN ELLIS LAW

/s/ Ryan A. Ellis
Ryan A. Ellis, Esq.
RYAN ELLIS LAW
3268 Governor Drive, Suite 140
San Diego, CA 92122
(858) 247-2000
ryan@ryanellislaw.com

Attorneys for Appellant
IGNITE INTERNATIONAL, LTD.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** 22-55633

The undersigned attorney or self-represented party states the following:

[ ] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[X] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

Case Number: 22-55442
Case Name: *Caley Rae Pavillard v. Ignite International, Ltd. et. al*.
Relationship to this case: Same case, different basis for appeal

**Signature** /s/ Ryan A. Ellis            **Date** November 10, 2022

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 22-55633

I am the attorney or self-represented party.

**This brief contains** 2984 **words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
  [ ] it is a joint brief submitted by separately represented parties;
  [ ] a party or parties are filing a single brief in response to multiple briefs; or
  [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Ryan A. Ellis          **Date** November 10, 2022