IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CALEY-RAE PAVILLARD,

Plaintiff-Appellee,

v.

IGNITE INTERNATIONAL, LTD.

Defendant-Appellant.

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-01306-RGK-E
Hon. R. Gary Klausner

Decided November 17, 2023
Pasadena, California
Before: PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS, District
Judge

**APPELLEE'S MOTION FOR ATTORNEYS' FEES FOLLOWING
NOVEMBER 17, 2023 MEMORANDUM DECISION**

Roger Y. Muse (SBN 147120)
**EXCELSIOR LAW**
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
T: (310) 205-3981/F: (310) 205-0594

Jordanna G. Thigpen (SBN 232642)
**THIGPEN LEGAL, P.C.**
9595 Wilshire Blvd., Suite 961
Beverly Hills, CA 90212
T: (310) 210-7491/F: (310) 362-0456

Attorneys for Appellee
CALEY-RAE PAVILLARD

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................3

INTRODUCTION AND STATEMENT OF TIMELINESS ...................................6

I.   PAVILLARD SATISFIES THE REQUIREMENTS FOR AN AWARD OF FEES UNDER CAL. LABOR CODE SECTION 218.5 ....................7

II.  THIS COURT HAS JURISDICTION TO MAKE AN AWARD OF FEES UNDER CAL. LABOR CODE SECTION 218.5......................................8

III. THE ATTORNEYS' FEES CLAIMED BY PAVILLARD ARE REASONABLE AND LEGALLY JUSTIFIED ........................................9

     A. The Lodestar Amount Requested by Pavillard Is Reasonable..............9

     B. The Rates Requested by Pavillard Are Reasonable ...........................10

     C. The Time Spent Litigating this Case Was Reasonable ......................13

          1.   Pavillard Is Entitled to a Fully Compensatory Award for Time Spent on the Appeals..............................................13

          2.   The Hours Requested Are Reasonable ...........................14

IV.  PAVILLARD REQUESTS A MULTIPLIER GIVEN THAT SHE SECURED AN IMPORTANT TRIAL VERDICT AND APPELLATE JUDGMENT...........................................................................................16

V.   PAVILLARD IS ENTITLED TO FEES INCURRED IN BRINGING AND DEFENDING THIS MOTION.......................................................21

CONCLUSION................................................................................................22

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amaral v. Cintas Corp. No. 2,*
  163 Cal. App. 4th 1157, 1217 (2008) ...................................................... 17, 18, 20
*Caldera v. Dep't of Corrections and Rehabilitation,*
  48 Cal. App. 5th 601 (2020) .............................................................16
*Carnes v. Zamani,*
  488 F. 3d 1057 (9th Cir. 2007) .........................................................15
*Cates v. Chiang,*
  213 Cal. App. 4th 791 (2013) ...........................................................17
*Chalmers v. City of L.A.,*
  796 F.2d 1205 (9th Cir. 1986) ............................................................9
*Chavez v. Netflix, Inc.,*
  162 Cal. App. 4th 43 (2008) .............................................................19
*Children's Hosp. & Med. Ctr. v Bontá,*
  97 Cal. App. 4th 740 (2002) ..............................................................9
*Commissioner, INS v. Jean,*
  496 U.S. 154, 110 S. Ct. 2316 (1990) ...............................................20
*Edgerton v. State Personnel Board,*
  83 Cal. App. 4th 1350 (2000) ...........................................................19
*Feminist Women's Health Ctr. v. Blythe,*
  32 Cal. App. 4th 1641, fn. 8 (1995) .................................................14
*Gonzalez v. City of Maywood,*
  729 F. 3d 1196 (9th Cir. 2013) .........................................................21
*Graham v. DaimlerChrysler Corp.,*
  34 Cal. 4th 553 (2004) ................................................................ 11, 17
*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ........................................................................9
*Heritage Pacific Financial, LLC v. Monroy,*
  215 Cal. App. 4th 972 (2013) ...........................................................10
*Horsford v. Board of Trustees of California State University,*
  132 Cal. App. 4th 359 (2016) ...................................................... 18, 20
*Jordan v. Multnomah County,*
  815 F. 2d 1258 (9th Cir. 1987) ..........................................................9
*Kern Oil & Ref. Co. v. Tenneco Oil Co.,*
  792 F. 2d 1380 (9th Cir. 1986) ........................................................ 16

*Kern River Pub. Access Comm. v. City of Bakersfield,*
   170 Cal. App. 3d 1205 (1985) .............................................................. 19

*Ketchum v. Moses,*
   24 Cal. 4th 1122 (2001) ............................................................... passim

*Kirby v. Immoos Fire Prot., Inc.,*
   53 Cal. 4th 1244 (2012) ................................................................... 8

*Krumme v. Mercury Ins. Co.,*
   123 Cal. App. 4th 924 (2004) ........................................................... 6

*Legal Voice v. Stormans Inc.,*
   757 F. 3d 1015 (9th Cir. 2014) ..................................................... 8, 12

*Mangold v. Cal. Public Utilities Comm'n,*
   67 F. 3d 1470 (9th Cir. 1995) ......................................................... 15

*Missouri v. Jenkins,*
   491 U.S. 274 (1989) ...................................................................... 11

*Morcos v. Board of Retirement,*
   51 Cal.3d 924 (1990) ....................................................................... 8

*Netlist Inc. v. Samsung Elecs. Co.,*
   341 F.R.D. 650 (C.D. Cal. 2022) ..................................................... 11

*Perdue v. Kenny A.,*
   559 U.S. 542 (2010) .............................................................. 9, 16, 18

*Prison Legal News v. Schwarzenegger,*
   608 F. 3d 446 (9th Cir. 2010) ......................................................... 10

*Samson v. Wells Fargo Bank, N.A.,*
   No. CV 16-4839-GW-AGRX, 2023 WL 2939225 (C.D. Cal. Mar. 14, 2023)....11

*Serrano,*
   *IV,* 32 Cal. 3d ............................................................................. 12

*Sundance v. Muni. Ct.,*
   192 Cal. App. 3d 268 (1987) ........................................................... 13

*Syers Props. III,*
   226 Cal. App. 4th ......................................................................... 15

*Thayer v. Wells Fargo Bank,*
   92 Cal. App. 4th 819 (2001) ........................................................... 13

*United Steelworkers of Am. v. Phelps Dodge Corp.,*
   896 F. 2d 403 (9th Cir. 1990) ......................................................... 10

*Vortex Marine Construction v. Grimm,*
   878 F. 3d 709 (9th Cir. 2017) ......................................................... 21

*Wysinger v. Automobile Club of S. Cal.,*
   157 Cal. App. 4th 413 (2007) ......................................................... 13

# Federal Rules

Fed. R. App. P. 39(a) .................................................................................7
Fed. R. App. P. 40 .....................................................................................8
Fed. R. App. Proc. 40(a)(1) .......................................................................6
Ninth Circuit Rule 39 ............................................................................7, 8

# State Statutes

Cal. Labor Code section 203 ............................................................ 5, 18, 19
Cal. Labor Code section 218.5 ............................................................ 5, 7, 8

# State Regulations

8 Cal. Code Reg. § 13520 ......................................................................19

**INTRODUCTION AND STATEMENT OF TIMELINESS**

Plaintiff-Appellee Caley-Rae Pavillard ("Pavillard") prevailed at a jury trial on her claim against Ignite International, Inc. ("Ignite") for violation of Cal. Labor Code section 203. She prevailed on her request for attorneys' fees pursuant to Cal. Labor Code section 218.5, which followed the jury's verdict. Following months of delay occasioned by Ignite's failure to obtain a transcript, she prevailed in this Court as to Ignite's first appeal as to the judgment (Case No. 22-55442), and its second appeal as to the attorneys' fees award (Case No. 22-55633), which Ignite never moved to consolidate.

Pursuant to Circuit Rule 39-1.6, and Cal. Labor Code section 218.5, Pavillard now moves for attorneys' fees incurred in defending the judgment and the fee award. This Motion is timely under Circuit Rule 39-1.6(a), as it is filed not later than 14 days after the expiration of the period within which Ignite's petition for rehearing was disposed of. *See* Dkt. 45-2 ("A petition for rehearing must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1)"); Circuit Rule 39-1.6(b)(3) ("All applications must include a statement that sets forth the application's timeliness.") Judgment was entered on November 17, 2023, the petition for rehearing was filed November 29, 2023, and then the petition was disposed of on December 26, 2023.

This Motion will address fees incurred in this appeal in defending the

judgment, as well as the fees incurred in Case No. 22-55633 for fees incurred in defending the fee award. Identical versions of the Motion are being filed in both appeals. Fees are broken down, categorized, and requested for each appeal to avoid duplication, as follows:

| Firm | Case No. 22-55442 | Case No. 22-55633 | Total Lodestar | Portion Subject to Multiplier | Multiplier @ 1.5 | Total Fees Requested |
|---|---|---|---|---|---|---|
| Thigpen Legal, P.C. | $72,415 | $26,840 | $99,255 | $91,530 | $38,040 | $137,295 |
| Excelsior Law | $9,185 | $1,650 | $10,835 | $10,835 | $5,417.50 | $16,252.50 |
| TOTAL | | | | | | $153,547.50 |

Thigpen Decl. ¶ 22.

This Motion demonstrates that the fees requested by Pavillard are reasonable and supported by contemporaneous time records outlining the work performed by each attorney and paralegal. Pavillard is also requesting a multiplier. For the reasons set forth below, Pavillard requests this Court make an award of the requested fees.

## I. PAVILLARD SATISFIES THE REQUIREMENTS FOR AN AWARD OF FEES UNDER CAL. LABOR CODE SECTION 218.5

Federal Rule of Appellate Procedure 39(a) states that, "unless the law provides or the court orders otherwise ... if a judgment is affirmed, costs are taxed against the appellant." Fed. R. App. P. 39(a). Ninth Circuit Rule 39-1.1 requires an

itemized bill of costs to be submitted and Ninth Circuit Rule 39-1.6(a) sets a 14-day

deadline for filing a request for attorney's fees after the disposition of any petition

for rehearing, which here, determined whether Pavillard was entitled to fees for both

appeals. Subsection (b) further requires a request for fees to:

> be supported by a memorandum showing that the party seeking fees is
> legally entitled to them and must be accompanied by Form 9 or a
> document that contains substantially the same information, along with:
> (1) a detailed itemization of the tasks performed each date and the
> amount of time spent by each lawyer and paralegal on each task; (2) a
> showing that the hourly rates claimed are legally justified; and (3) an
> affidavit or declaration attesting to the accuracy of the information. All
> applications must include a statement that sets forth the application's
> timeliness. The request must be filed separately from any cost bill.

Ninth Circuit Rule 39-1.6(b). Pavillard has attached the Declarations of Jordanna G.

Thigpen and Roger Y. Muse, attesting to the accuracy of (1) invoices describing the

detailed work that was done with the amount of time spent on each task, as well as

(2) the rates and the justification thereto. This Motion will provide further

information about the legal justification for the rates and hours.

## II.     THIS COURT HAS JURISDICTION TO MAKE AN AWARD OF FEES UNDER CAL. LABOR CODE SECTION 218.5

This Court has jurisdiction to award attorneys' fees given Pavillard's

procedural compliance with Ninth Circuit Rule 39-1.6 and Fed. R. App. Proc. 40.

This Court also has jurisdiction to award attorneys' fees given that this action

was ultimately brought on account of nonpayment of wages. *See Pavillard v. Ignite Intl' Inc*., Case No. 22-55633, Dkt. 45-1, Memor. Order (Nov. 17, 2023); *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1256 (2012). It was on this basis that the District Court awarded Pavillard's attorneys' fees in the first instance.

"Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal." *Legal Voice v. Stormans Inc*., 757 F. 3d 1015, 1016 (9th Cir. 2014). California courts interpret statutes (such as Labor Code section 218.5) that authorize attorney's fees to include attorneys' fees on appeal. *Morcos v. Board of Retirement*, 51 Cal.3d 924, 927–928 (1990).

## III. THE ATTORNEYS' FEES CLAIMED BY PAVILLARD ARE REASONABLE AND LEGALLY JUSTIFIED

### A. The Lodestar Amount Requested by Pavillard Is Reasonable

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This amount is referred to as the "lodestar." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). As the party seeking fees, Pavillard has the burden of justifying those hours, and has done so with the detailed time sheets and additional summary of all of the work done. *See Chalmers v. City of L.A*., 796 F.2d 1205, 1210 (9th Cir. 1986).

## B. The Rates Requested by Pavillard Are Reasonable

A reasonable rate is one that is "in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F. 2d 1258, 1262-1263 (9th Cir. 1987); *Children's Hosp. & Med. Ctr. v Bontá*, 97 Cal. App. 4th 740, 783 (2002)(same); *Ketchum*, 24 Cal. 4th at 1131-1132 ("We expressly approved the use of prevailing hourly rates as a basis for the lodestar . . . [T]he lodestar is the basic fee for comparable legal services in the community . . . .").

Evaluating the rate requires that a reviewing Court consider the "quality" of the attorneys' "performance" in the case. *Perdue v. Kenny A.*, 559 U.S. 542, 555 n.5 (2010) (a reasonable hourly rate reflects the "special skill and experience of counsel"); *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972, 1004, 1009 (2013) (same).

Given that this appeal originated in Los Angeles County, Los Angeles is the appropriate community to look to for rates in this case. The requested rates of $750-$1,000 for appellate work performed for this case are highly reasonable, even low, for the Los Angeles market. Ignite never challenged the hourly rates that were previously awarded by Judge Klausner in this case, and Pavillard has made only minor increases to those rates for work performed in 2023 and given that appellate work regularly commands a higher hourly rate. S*ee United Steelworkers of Am. v.*

*Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Market rates generally are not limited to rates charged by or awarded to attorneys in the same practice area or the same type of case. *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454-55 (9th Cir. 2010). Rates charged in other cases demonstrate that the rates requested for Pavillard's case are reasonable for the Los Angeles market and the attorneys involved in this case.

For example, in *Alvarez v. XPO Logistics Cartage, LLC*, No. 2:18-cv-03736-RGK-E (C.D. Cal. Feb. 8, 2022), the District Court that resolved this matter approved reasonable hourly rates of $225 and $350 (paralegals) to $900 (partner), including $695/hour for a counsel with the same years of experience as Ms. Thigpen (who requests only $650/hour-$750/hour). In *Netlist Inc. v. Samsung Elecs. Co.*, 341 F.R.D. 650, 675 (C.D. Cal. 2022), a contract dispute, rates of $1,160 to $1,370 for partners and rates of $845 to $1,060 for associates were awarded as reasonable market rates. In *Samson v. Wells Fargo Bank, N.A.,* No. CV 16-4839-GW-AGRX, 2023 WL 2939225, at *4 (C.D. Cal. Mar. 14, 2023), appeal dismissed, No. 23-55331, 2023 WL 7015283 (9th Cir. Aug. 3, 2023), Hon. George H. Wu granted appellate counsel 194.8 hours at $700/hr for one attorney (and 69.8 hours at $450/hr for another), after counsel was successful in overturning Judge Wu's decision on

judgment as a matter of law in a disability case, even though Judge Wu made serious cuts to the rest of the fees and denied multipliers that were sought by the various counsel. Those are far more hours than Pavillard is seeking here for **two** appeals.

Finally, though all hours can appropriately be based on the applicant's current billing rates (*Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 584 (2004), as modified (Jan. 12, 2005); *Missouri v. Jenkins*, 491 U.S. 274, 284-85 (1989)), as a showing of billing reasonableness, Pavillard's requested rates were kept at the same below-market rates for 2022, with a modest increase in 2023 to account for the appellate nature of the litigation and the additional seniority of her counsel. Thigpen Decl. ¶ 17; Muse Decl. ¶ 8.

As demonstrated in the Thigpen Declaration, the reasonable, prevailing market rates for the attorneys and paralegals that performed work on this appeal, are as follows: $1000/hr for Roger Muse (34 years of experience), $750/$850/hr for John Matheny (34 years of experience), $650/$750/hr for Jordanna G. Thigpen (19 years of experience). Statements demonstrating the expertise and experience of the attorneys that performed work on the appeal and which justify the rates are set forth in the Declarations of Jordanna G. Thigpen (¶¶ 3-7), Roger Muse (¶¶ 3-4, 7), and Richard Pearl (¶ 10).

## C. The Time Spent Litigating this Case Was Reasonable

### 1. Pavillard Is Entitled to a Fully Compensatory Award for Time Spent on the Appeals

Under California law, prevailing plaintiffs are entitled to compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim. *Serrano IV,* 32 Cal. 3d at 632. In order to be effective in accomplishing the legislative purpose of assuring the availability of counsel to bring meritorious actions to vindicate important constitutional and statutory rights, the goal of an award of attorneys' fees is to fix a fee at the fair market value for the particular action. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). "[F]ee awards should be fully compensatory." *Id*. at 1113. The expectation of full compensation promotes the underlying policy for fee recovery: "It must be remembered that an award of attorneys' fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right." *Sundance v. Muni. Ct.*, 192 Cal. App. 3d 268, 273 (1987). In addition, "compensation should not be strictly limited to efforts that were demonstrably productive." *Thayer v. Wells Fargo Bank*, 92 Cal. App. 4th 819, 839 (2001); *Wysinger v. Automobile Club of S. Cal*., 157 Cal. App. 4th 413, 431 (2007) ("To reduce the attorneys' fees of a successful party because he did not prevail on all his arguments, makes it the attorney, and not the defendant, who pays the costs of enforcing the plaintiff's rights.")

Pavillard prevailed entirely on both appeals, and her counsel vindicated her right to prompt payment under California's wage-theft statutes (Labor Code sections 201-204). While the Court did deny her request for judicial notice, that is because the Court did not need to reach the issue for which the judicial notice was requested. Moreover, Pavillard would not have had to expend that time had Ignite made the frivolous argument that it was the wrong defendant, a fact directly contradicted by judicially noticeable and publicly filed documents. Thigpen Decl. ¶ 14. Pavillard should not be made to pay the costs of enforcing her rights, especially when it is Ignite that occasioned all of this work and effort with its appellate arguments. *Wysinger*, 157 Cal. App. 4th at 431.

Throughout the entire process, including the appeal, Defendants never made a reasonable settlement offer, but Plaintiff nonetheless achieved an excellent result due to Plaintiff's counsel's preparation and intense level of dedication to the case. When "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . encompass[ing] all hours reasonably expended on the litigation . . . ." *Feminist Women's Health Ctr. v. Blythe,* 32 Cal. App. 4th 1641, 1674, fn. 8 (1995).

## 2.  The Hours Requested Are Reasonable

Pavillard's requested hours are reasonable. The appeal was not overstaffed-in fact, just one attorney (Jordanna Thigpen) primarily worked on both of the appeals

to avoid duplication of effort and any inefficiency or redundancy. The services of John Matheny were used to review the completed briefs and to assist with some of the legal issues related to Ignite's bond.

The first appeal was filed before the attorneys' fees motion was decided. Then, the second appeal was filed. It never provided a Statement of Issues for either appeal. Thereafter, Ignite did not act to timely obtain the transcript, forcing Pavillard to follow up repeatedly. Knowing the policy of the Court – to hear appeals on their merits rather than dismiss them for technical or procedural deficiencies – Pavillard waited for Ignite to obtain the transcript rather than performing motion practice. Finally, after months of delay, and only when Pavillard advised Ignite that she had no choice but to inform this Court that Ignite was defaulting on its appeal, did Ignite take action. Thigpen Decl. ¶ 13. Had Pavillard filed a motion, rather than patiently waiting for Ignite to obtain the transcript, the fees would be even higher.

Pavillard's requested hours also reflect significant billing judgment because the total hours incurred actually exceed what is being requested. Thigpen Decl. ¶ 14; Muse Decl. ¶ 15. Ms. Thigpen counsel has written off time for meetings, discussions with Pavillard, and research. *Id*. These billings are not being requested in this Motion. Ms. Thigpen's firm has not billed for any of the time spent by a law clerk who assisted with research. Thigpen Decl. ¶¶ 12, 14. Mr. Muse has not billed for any secretarial time. Muse Decl. ¶ 15. This self-imposed reduction, to Defendant's

benefit, has been recognized by courts as an exercise of billing judgment in support of an award of attorneys' fees to the client. *See, e.g., Syers Props. III,* 226 Cal. App. 4th at 700 (counsel's voluntary reductions a factor in favor of affirming hours determination).

## IV. PAVILLARD REQUESTS A MULTIPLIER GIVEN THAT SHE SECURED AN IMPORTANT TRIAL VERDICT AND APPELLATE JUDGMENT

First, this case is a California state law case which was removed to federal court based on diversity jurisdiction. Thigpen Decl. ¶ 9. "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F. 3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F. 3d 1470, 1478 (9th Cir. 1995) (diversity action in which the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees"); *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1388 (9th Cir. 1986) ("In a diversity case, the availability of attorneys' fees is governed by state law.") Accordingly, the right to a multiplier is governed by state law – not federal law.[1]

---

[1] Pavillard requested a multiplier from the District Court, which was denied on the basis that the case was "not a contingency case." *See Pavillard v. Ignite Int'l*, Case No. 2:21-cv-01306-RGK-Ex, Dkt. 150 (June 17, 2022 Order). Solely to save time and avoid incurring additional fees, Pavillard opted not to appeal the Court's denial

Multipliers are common under state law. *See Perdue v. Kenny A ex rel. Winn*, 599 U.S. 542, 552, 553 130 S. Ct. 1662, 1673 (2010)("the lodestar method was never intended to be conclusive in all circumstances.") "The purpose of the multiplier is to reward the prevailing attorney with an increased fee in light of the extrinsic *Ketchum* factors: the importance and difficulty of the litigation; the novelty of the issues involved; the risk of nonpayment for the attorney's services (the contingency factor); the skill of the attorney in presenting the case; and the magnitude of the results obtained." *Caldera v. Dep't of Corrections and Rehabilitation*, 48 Cal. App. 5th 601, 609 (2020) (citing *Ketchum,* 24 Cal. 4th at 1132-1134). "[A]ny one of those factors may be responsible for enhancing or reducing the lodestar." *Krumme v. Mercury Ins. Co.*, 123 Cal. App. 4th 924, 947 (2004). "The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Graham,* 34 Cal.4th at 579.

There are several reasons why a multiplier is justified in this case. First, Pavillard proceeded on a contingency basis from the inception of this case through

---

of a multiplier, even though she disagreed with it given that this case is full contingency, not an hourly case. Thigpen Decl. ¶¶ 24-25; Muse Decl. ¶ 20.

and including the trial and the **two** appeals of this matter. Thigpen Decl. ¶¶ 24-25. Her counsel secured an award for her of $90,000 – a very favorable outcome with no guarantee of success, which could have been lost at any point, and both Pavillard and her counsel would have walked away with less than nothing, given the costs. The California Court of Appeal has upheld multipliers such as 1.85 based primarily on the contingent-risk factor. *Cates v. Chiang*, 213 Cal. App. 4th 791, 823 (2013). When the case was accepted, it was a challenging case fraught with a real risk of recovering little or no damages for Plaintiff's counsel's small firms. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1217 (2008) (noting that small firms face greater risks than large firms).

California's courts of appeal have held that it is particularly important to grant multipliers in civil rights and employment cases involving statutory attorney fees because "'[a] lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.'" *Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th 359, 395 (2016) (citation omitted). "Where a statute provides for attorneys' fees, "there is, nevertheless, a great element of contingency in any fee system that rewards only attorneys for prevailing parties." *Id.* at 400 n.11. Thus, "an enhanced fee award is necessary to compensate attorneys for taking such

risks ...." *Amaral*, 163 Cal. App. 4th at 1217 (confirming fee award even where plaintiffs did not prevail on Labor Code section 203 claim). Indeed, many acts of employment misconduct go unredressed because employees cannot afford an attorney and many attorneys will not represent clients on a contingency basis (or the amount is considered "too low" for those attorneys to represent clients).

The appeals took longer than necessary given Ignite's failure to obtain a transcript for months, or even to file a Statement of Issues as required. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555, 130 S.Ct. 1662, 1674 (2010)("[A]n enhancement may be appropriate if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted.").

A multiplier is also warranted given Ignite's arguments that were divorced from reality, and that misstated the record. Thigpen Decl. ¶¶ 14, 26. There was no guarantee that the Court would recognize this conduct. *Ketchum*, 24 Cal. 4th at 1132 ("difficulty of questions presented" justifies enhancement); *see also Kern River Pub. Access Comm. v. City of Bakersfield*, 170 Cal. App. 3d 1205, 1228 (1985) (1.5 multiplier affirmed where case was "a relatively complex matter where success was not assured and where the appellants fought the case at every turn"); *Edgerton v. State Personnel Board*, 83 Cal. App. 4th 1350, 1363 (2000) (affirming 1.5 multiplier based on "the novelty and difficulty of the issues involved, the skill displayed by plaintiff's counsel in overcoming the intransigent opposition of defendant Caltrans,

the excellent results achieved by plaintiffs, and the importance of the privacy rights that were vindicated by the Injunction", and including defendants' unreasonable refusal to accept reasonable settlement terms).  It is without question that Ignite has always made this litigation as difficult as it possibly could, and Pavillard's perseverance justifies an enhancement.

A multiplier is also warranted given the complexity of California's Labor Code, the relevant tests for employment and the jury instructions to be used, not to mention, a DLSE regulation (8 Cal. Code Reg. § 13520) that has been broadly construed by some courts as some type of abrogation of Labor Code section 203. This area of law involves a huge body of somewhat conflicting case law in state and federal trial and appellate courts, and it takes careful attention to distinguish and eliminate less carefully reasoned dicta, and to focus on the core principles and policies involved.  *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 61 (2008) (affirming 2.5 multiplier based on quality of representation because "a lodestar enhancement based on 'quality of representation' by definition involves consideration not captured by counsel's hourly rates. [Citation].")

A multiplier is justified given the preclusion of other employment. By taking on this case, and in performing the two appeals, Ms. Thigpen's firm in particular was necessarily precluded from performing work for other cases, including other contingency cases she was working on which have since also resulted in jury

verdicts, and regular hourly work. Thigpen Decl. ¶ 25. *See, e.g.*, *Amaral,* 163 Cal. App. 4th at 1217 (noting "the burden imposed on class counsel," which included "a significant amount of billing" for "a small firm such as [theirs]"). As in *Horsford*, "the demands of the present case substantially precluded other work during that extended period, which makes the ultimate risk of not obtaining fees all the greater (since the individual attorneys must use savings or incur debt to keep their offices afloat and their families fed)" while focusing almost entirely on a single case. *Horsford*, 132 Cal. App. 4th at 399-400.

For all of these reasons, Pavillard requests a modest multiplier of $43,457.50 (1.5 x the lodestar of $110,090) on the attorneys' fees incurred to prosecute both appeals, representing a total lodestar with multiplier of $153,547.50.

## V.    PAVILLARD IS ENTITLED TO FEES INCURRED IN BRINGING AND DEFENDING THIS MOTION

Pavillard is also entitled to recover the fees incurred in preparing this Motion. *See Commissioner, INS v. Jean*, 496 U.S. 154, 155-156, 110 S. Ct. 2316, 2317 (1990) (EAJA fees); *Vortex Marine Construction v. Grimm*, 878 F. 3d 709, 710 (9th Cir. 2017) (courts "have consistently held that time spent establishing the entitlement to and amount of the fee is compensable"); *Gonzalez v. City of Maywood*, 729 F. 3d 1196, 1210 (9th Cir. 2013)(court errs in summary denial of recovery for time spent preparing fee motion); *Ketchum v. Moses*, 24 Cal. 4th at 1141 (award of fees may

include "fees incurred in enforcing the right to mandatory fees").

## CONCLUSION

For the reasons set forth herein, Pavillard respectfully requests the Court grant

her requests for attorneys' fees for both appeals in the total amount of $153,547.50:

| Firm | Case No. 22-55442 | Case No. 22-55633 | Total Lodestar | Portion Subject to Multiplier | Multiplier @ 1.5 | Total Fees Requested |
|------|------|------|------|------|------|------|
| Thigpen Legal, P.C. | $72,415 | $26,840 | $99,255 | $91,530 | $38,040 | $137,295 |
| Excelsior Law | $9,185 | $1,650 | $10,835 | $10,835 | $5,417.50 | $16,252.50 |
| TOTAL | | | | | | $153,547.50 |

DATED: January 4, 2024          **THIGPEN LEGAL, P.C.**

By:   /s/ Jordanna G. Thigpen
        Jordanna G. Thigpen
        *Attorneys for Plaintiff*

        9595 Wilshire Blvd. Suite 961
        Beverly Hills, CA 90212
        T: (310) 210-7491
        F: (310) 362-0456
        Email: jt@thigpenlegal.com

DATED: January 4, 2024          **EXCELSIOR LAW**

By:    /s/ Roger Y. Muse
        Roger Y. Muse
        *Attorneys for Plaintiff*

        9595 Wilshire Blvd. Suite 900
        Beverly Hills, CA 90212
        T: (310) 205-3981
        F: (310) 205-0594
        Email: roger@excelsior-law.com

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** | 22-55422; 22-55633

I am the attorney or self-represented party.

**This brief contains** | 4,028 | **words,** including | 78 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1. and FRAP 27(d)(2)

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

　　☐ it is a joint brief submitted by separately represented parties.
　　☐ a party or parties are filing a single brief in response to multiple briefs.
　　☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [ ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Jordanna G. Thigpen | **Date** | 1-4-2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**　　　　　　　　　　　　　　　　　　　　　　　　　*Rev. 12/01/22*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: /s/ Jordanna G. Thigpen
Jordanna G. Thigpen