No. 22-55633
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

CALEY RAE PAVILLARD,

*Plaintiff-Appellee*,

v.

IGNITE INTERNATIONAL, LTD.,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-01306-RGK-E
Hon. R. Gary Klausner

_____

**APPELLANT IGNITE INTERNATIONAL, LTD.'S OPPOSITION TO APPELLEE'S MOTION FOR ATTORNEYS' FEES FOLLOWING NOVEMBER 17, 2023 MEMORANDUM DECISION**

_____

Kimberly P. Stein Esq.
FLANGAS LAW GROUP
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146
Tel: (702) 307-9500
Email: kps@fdlawlv.com

Ryan A. Ellis, Esq.
RYAN ELLIS LAW CORPORATION
3268 Governor Drive, Suite 140
San Diego, CA 92122
(858) 247-2000
ryan@ryanellislaw.com

*Attorneys for Appellant*
**IGNITE INTERNATIONAL, LTD.**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................iii

I. INTRODUCTION AND STATEMENT OF UNTIMELINESS ................. 1

II. ARGUMENT ............................................................................................. 3

    A. Appellee Ignored Applicable Procedural Requirements for Bringing a Motion for Attorney's Fees. ....................................... 3

    B. Appellee is Not Entitled to an Award of Attorney's Fees on Appeal ............................................................................................ 4

III. CONCLUSION.......................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Family PAC v. Ferguson*
      745 F.3d 1261 (9th Cir. 2014) ............................................................... 2, 3, 4


**Statutes**

California Labor Code §203 ..............................................................................1

California Labor Code §218.5 ................................................................... 1, 2, 4


**Rules**

Fed. Rule App. Proc. 38 ....................................................................................3

Fed. Rule App. Proc. 39 .................................................................................2, 4

Ninth Circuit Rule 39-1.6 .................................................................................3

Ninth Circuit Rule 39-1.6(a) .........................................................................1, 4

Ninth Circuit Rule 39-1.6(b) .............................................................................2

## I. INTRODUCTION AND STATEMENT OF UNTIMELINESS

Appellee Caley Rae Pavillard's ("Appellee") Motion for Attorneys' Fees Following November 17, 2023 Memorandum Decision ("Motion") must be denied as untimely and procedurally improper. Not to mention, Appellee moves for an award of attorney's fees on appeal based on a state statute, which does not provide for fee shifting as required by the Appellate Rules.

This instant Appeal is the second appeal in the matter captioned *Caley Rae Pavillard v. Ignite International, Ltd. et. al.* (2:21-cv-01306) ("Action"). The Action involved claims by Appellee/Plaintiff for late-wage-payment penalties pursuant to California Labor Code §203. This second appeal only dealt with an award of attorneys' fees and costs pursuant to California Labor Code §218.5. Notably, the first appeal (Case No. 22-55442) and this Appeal were never consolidated, as admitted by Appellee in her Motion. *See* Motion at page 6. Yet, a review of the Motion shows an attempt by Appellee to now consolidate these matters in an attempt to try and argue this Motion is timely in this Action.

The problem, however, is that a Memorandum was issued in this Appeal on November 17, 2023 (the "Decision"). Fourteen days after this Decision was December 1, 2023. Pursuant to Ninth Circuit Rule 39-1.6(a), "Absent a statutory provision to the contrary, a request for attorneys' fees shall be filed **no** later than 14 days after the expiration of the period within which a petition for rehearing may

1

be filed, unless a timely petition for rehearing is filed. If a timely petition for rehearing is filed, the request for attorneys fees shall be filed no later than 14 days after the Court's disposition of the petition." (Emphasis added). Here, there was no petition for rehearing filing. Thus, Appellee's Motion is untimely and must be denied on this basis alone.

Moreover, on December 11, 2023, this Court issued its formal mandate. The mandate transfers jurisdiction to the lower court., and controls which court has jurisdiction over the case and what can further happen in the case. Thus, the issuance of the Mandate terminates this appellate court's jurisdiction and cannot be asked for any further relief. This Court therefore does not have jurisdiction to rule on this Motion, and as such Appellee's Motion must be denied.

Substantively, the Motion further fails. A request for an award of attorney's fees must be supported by a memorandum showing that the party seeking fees is legally entitled to them. *Family PAC v. Ferguson*, 745 F.3d 1261, 1269 (9th Cir. 2014) (*citing to* 9th Cir. R. 39-1.6(b)). In *Family PAC*, this Court was clear that that to be legally entitled to such fees from this Court, there must be a fee-shifting provision under federal law. *Id*. Yet, as Appellee admits in her Motion, she is seeking fees under Cal. Labor Code Section 218.5. *See* Motion at page 8. Attorney's fees are not recoverable as part of an award of costs to the prevailing party under Federal Rule of Appellate Procedure 39. *See Family PAC,* 745 F.3d at

1269. Further, Appellee does not seek sanctions for a frivolous appeal under Federal Rule of Appellate Procedure 38, and does not give notice of the same.

If this Court somehow finds that Appellee's Motion is correct, the amounts sought also do not comply. As admitted, Appellee filed "Identical versions" of the Motion seeking combined fees. There is no breakdown between hours spent for each appeal. Also, Appellee ignores the District Court's order, wherein the District Court clearly and unambiguously declined to apply a lodestar enhancement. ER 1-6. Yet, Appellee further seeks such enhancement in this Motion now with this Court.

Based on the foregoing, this Motion must be denied in its entirety. The Motion is untimely and must be denied on that basis alone. The Appellee also missed the deadline to file a motion to transfer consideration of these attorney's fees pursuant to Circuit Court Rule 39-1.6. Moreover, this Court does not have jurisdiction to rule on this Motion. Substantively, this Motion further fails.

## II. ARGUMENT

### A. Appellee Ignored Applicable Procedural Requirements for Bringing a Motion for Attorney's Fees.

Appellee failed to follow the Ninth Circuit's procedural requirements for filing this Motion. The Decision was issued in this Appeal on November 17, 2023. No petition for rehearing was filed in this Appeal. Pursuant to Ninth Circuit Rule

39-1.6(a), "Absent a statutory provision to the contrary, a request for attorneys' fees shall be filed **no** later than 14 days after the expiration of the period within which a petition for rehearing may be filed, unless a timely petition for rehearing is filed. If a timely petition for rehearing is filed, the request for attorney's fees shall be filed no later than 14 days after the Court's disposition of the petition." (Emphasis added). This Motion was filed on January 6, 2024, over a month after the December 1, 2023 deadline, and several weeks after this Court issued its formal mandate on December 11, 2023.

Thus, this Motion is untimely and must be denied.

### B. <u>Appellee is Not Entitled to an Award of Attorney's Fees on Appeal</u>.

Even if the Appellee's Motion was procedurally proper and this Court had jurisdiction, the Appellee is not entitled to an award of attorney's fees as a matter of law. Federal Rule of Appellate Procedure 39 makes it clear that attorney's fees are not recoverable as part of an award of costs to the prevailing party. *See Family PAC,* 745 F.3d at 1269. To be legally entitled to such attorney's fees from this Court, there must be a fee-shifting provision under federal law. *See id*. By way of her Motion, Appellee is seeking fees under Cal. Labor Code Section 218.5, not a federal fee shifting statute. *See* Motion at page 8. Thus, there is no basis in law

on which Appellee could recover under this Motion, and thus such recovery should not be permitted and the Motion denied.

## III. CONCLUSION

For the foregoing reasons, Appellant Ignite International, Ltd. respectfully request that this Court deny Appellee's for Attorneys' Fees Following November 17, 2023 Memorandum Decision in its entirety.

Dated this 9th day of January, 2024.

/s/Kimberly P. Stein
Kimberly P. Stein Esq.
**FLANGAS LAW GROUP**
3275 South Jones Blvd., Suite 105
Las Vegas, NV 89146
Tel: (702) 307-9500
Email: kps@fdlawlv.com


Ryan A. Ellis, Esq.
RYAN ELLIS LAW CORPORATION
3268 Governor Drive, Suite 140
San Diego, CA 92122
(858) 247-2000
ryan@ryanellislaw.com

Attorneys for Appellant
IGNITE INTERNATIONAL, LTD.

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Kimberly P. Stein  
Kimberly P. Stein Esq.