No. 22-55633

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

CALEY-RAE PAVILLARD,

Plaintiff-Appellee,

v.

IGNITE INTERNATIONAL, LTD.

Defendant-Appellant.

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-01306-RGK-E
Hon. R. Gary Klausner

Decided November 17, 2023
Pasadena, California
Before: PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS, District Judge

**APPELLEE'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS'
FEES FOLLOWING NOVEMBER 17, 2023 MEMORANDUM DECISION**

| | |
|---|---|
| Roger Y. Muse (SBN 147120) | Jordanna G. Thigpen (SBN 232642) |
| **EXCELSIOR LAW** | **THIGPEN LEGAL, P.C.** |
| 9595 Wilshire Blvd., Suite 900 | 9595 Wilshire Blvd., Suite 961 |
| Beverly Hills, CA 90212 | Beverly Hills, CA 90212 |
| T: (310) 205-3981/F: (310) 205-0594 | T: (310) 210-7491/F: (310) 362-0456 |

Attorneys for Appellee
CALEY-RAE PAVILLARD

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................3

I.      This Court has jurisdiction to consider the request .........................................4

      A. The issuance of mandate does not affect the ability of the Court to consider and decide a request for attorneys' fees incurred on appeal ........5

      B. The Court has jurisdiction to consider these requests, and is respected to do so given Ignite's historical delaying tactics ..........................................5

      C. The request for fees in Case No. 22-55633 was timely, because Ignite's petition for rehearing was not finally resolved until December 26, 2023..7

II.     Pavillard is not seeking attorneys' fees under Fed. Rule App Proc. 39 ..........2

III.    Ignite otherwise failed to oppose Pavillard's lodestar and request for multiplier ...............................................................................10

CONCLUSION .................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

Cases

*Close v. Sotheby's, Inc.*,
 909 F.3d 1204 (9th Cir. 2018) ................................................................. 8
*Cummings v. Cornell*,
 316 F. 3d 886 (9th Cir. 2003) .................................................................. 6
*Ellis v. District Court*,
 360 F.3d 1022 (9th Cir. 2004) ................................................................. 5
*Family PAC v. Ferguson*,
 745 F.3d 1261 (9th Cir. 2014) ................................................................. 9
*Kirby v. Immoos Fire Prot., Inc.*,
 53 Cal. 4th 1244 (2012) ........................................................................... 9
*Li v. Keisler*,
 505 F.3d 913 (9th Cir. 2007) ................................................................... 5
*Mangold v. Cal. Pub. Utils. Comm'n*,
 67 F.3d 1470 (9th Cir. 1995) ................................................................... 9
*Morcos v. Board of Retirement*,
 51 Cal.3d 924 (1990) ............................................................................... 9
*Orn v. Astrue*,
 511 F.3d 1217 (9th Cir. 2008) ................................................................. 5
*Wood v. Santa Monica Escrow Company*,
 176 Cal.App.4th 802 (2009) .................................................................... 7
*Yamada v. Snipes*,
 786 F.3d 1182 (9th Cir. 2015) ................................................................. 8
*Yan Sui v. 2176 Pacific Homeowners Ass'n*,
 691 Fed. Appx. 376 (9th Cir. 2017) ........................................................ 6

Statutes

42 U.S.C. § 1988 ............................................................................................ 9
California Labor Code section 218.5 ........................................................... 9

Rules

Fed. Rule App. Proc. 39 ........................................................................... 8, 9
Fed. Rule App. Proc. 41(b) ........................................................................... 5
Ninth Circuit Rule 39 ........................................................................ 5, 6, 8, 9

Plaintiff-Appellee Caley-Rae Pavillard ("Pavillard") filed a proper request for attorneys' fees after she prevailed on two appeals of the jury verdict in her favor and her subsequent motion for attorneys' fees made after judgment. Pavillard submits identical replies in each of the two appeals to preserve resources for all Parties and the Court and given the overlapping issues.

Pavillard requests a very modest sum for her work on two appeals. The opposition of Appellant Ignite International, Ltd. ("Ignite") to the request does not address the substantive nature of the request, focusing only on the purported procedural defects. However, the opposition reflects an inaccurate understanding of the law.

**I.     This Court has jurisdiction to consider the request.**

Pavillard detailed the timeliness of her request in her opening memorandum. Ignite did not dispute the request in Case No. 22-55442 was timely, but claims that because mandate issued in both cases, the Court has no jurisdiction to consider her request. Ignite also claims that the request in Case No. 22-55633 was untimely because it was not made within 14 days of the November 17, 2023 decision. Neither claim is valid.

**A.     The issuance of mandate does not affect the ability of the Court to consider and decide a request for attorneys' fees incurred on appeal.**

Citing *Ellis v. District Court,* 360 F.3d 1022, 1023 (9th Cir. 2004), Ignite claims that because Pavillard did not request this Court to recall its mandates, it has no jurisdiction to rule on Pavillard's request for fees.

It is unclear how Ignite derived its interpretation of *Ellis*. This Court retains jurisdiction after mandate to enter non-merits orders, such as for costs and fees. *See Li v. Keisler,* 505 F.3d 913, 916-917, 921 (9th Cir. 2007) (awarding appellate attorney fees after issuance of mandate); *Orn v. Astrue*, 511 F.3d 1217, 1218-19 (9th Cir. 2008) (collecting extensive authorities). The Court's procedures expressly permit the filing of a fee request after mandate, since while mandate must issue within 7 days after expiration of the time for filing a petition for rehearing, or else, if such petition is denied, whichever is later (Fed. Rule App. Proc. 41(b)); a party has 14 days after such date to file a request for attorneys' fees (Ninth Circuit Rule 39-1.6).

**B.     The Court has jurisdiction to consider these requests, and is respected to do so given Ignite's historical delaying tactics**

Ninth Circuit Rule 39-1.6 governs applications for attorneys' fees, and provides that a request for attorneys' should be filed within 14 days after the Court's

denial of a petition for rehearing.

Assuming substantive law supports a fee award, the request for attorneys' fees incurred on appeal is to be made in this Court, not the district court. *See Cummings v. Cornell,* 316 F. 3d 886, 898-99 (9th Cir. 2003) (*Cummings II*) (request for attorneys' fees must be filed with the Clerk of the Ninth Circuit, not in the district court); *Yan Sui v. 2176 Pacific Homeowners Ass'n*, 691 Fed. Appx. 376 (9th cir. 2017)(affirming district court's denial of plaintiffs' request for attorneys' fees because it should have been made to this Court). *Cummings II* at 947-48 provides that this Court *may* delegate authority to the district court to hear a fee application, but otherwise, the district court does not have authority to award such fees. Had Pavillard filed her requests in the district court, presumably, Ignite would have cited the foregoing authorities (along with the extensive district court cases that have followed *Cummings II*).

This Court is respectfully requested to decide the Motions in both appeals, because if they are sent back to the district court, Ignite will simply make further appeals to this Court – further burdening the Court and further delaying final resolution.

Pavillard acted properly by following Ninth Circuit Rule 39-1.6, the local Circuit Rule that applies to fee applications, and, as described *infra,* doing so in the manner that minimized the costs and burden to all Parties and the Court.

## C. The request for fees in Case No. 22-55633 was timely, because Ignite's petition for rehearing was not finally resolved until December 26, 2023.

Ignite had two appeals: one for the main judgment, and one for the attorneys' fees award.

This Court's decision in Case No. 22-55633 issued first, on November 17, 2023. This Court affirmed the attorneys' fees award in full. Mandate issued on December 11, 2023.

In Case No. 22-55442, Ignite appealed the denial of judgment as a matter of law. This Court issued its decision on November 17, 2023, affirming the district court and confirming Pavillard's status as a prevailing party in the underlying litigation. Ignite filed a petition for rehearing, which was denied on December 26, 2023. Therefore, Pavillard's right to attorneys' fees (affirmed in Case No. 22-55633), was not finally resolved until December 26, 2023. Ignite does not dispute that Pavillard's request for fees in Case No. 22-55442 was timely, since it was filed January 6, 2024.

Pavillard's filing of a request for attorney's fees in Case No. 22-55633 before there was a final decision on whether she was entitled to those fees would have been premature and a waste of the Court's resources. *See Wood v. Santa Monica Escrow Company*, 176 Cal.App.4th 802 (2009) (only the party prevailing in the lawsuit as a

whole is entitled to recover attorneys' fees). In *Yamada v. Snipes*, 786 F.3d 1182, 1208 (9th Cir. 2015), this Court confirmed that two plaintiffs "could not have requested fees" until they were established as the prevailing parties in litigation. Pavillard therefore properly waited until the petition for rehearing was resolved, and filed for fees in both appeals at the same time.

At minimum, Ninth Circuit Rule 39-1.6 is not a jurisdictional provision, and the Court has jurisdiction and discretion to consider "late-filed" fee applications, to the extent the application in Case No. 55633 is considered "late" under the circumstances presented. This discretion is respectfully requested to be exercised given that there does not appear to be any authority directly factually apposite to this situation, and especially where a losing party has filed multiple, inter-related appeals in the same case, increasing the costs of proceedings for all Parties and the Court and creating the circumstances about it complains.

## II.    Pavillard is not seeking attorneys' fees under Fed. Rule App. Proc. 39.

Ignite's next argument appears to be a misunderstanding of the basis for Pavillard's fee request.

Ignite removed this case to federal court based on diversity, and thus, state law applies, including for an award of attorneys' fees on appeal. *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018)("Because this is a diversity case, state law

governs both 'the right to fees' and 'the method of calculating the fees.' *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)."); *Morcos v. Board of Retirement*, 51 Cal.3d 924, 927–928 (1990) (California courts interpret statutes that authorize attorney's fees to include attorneys' fees on appeal). None of the exceptions to this rule (*e.g.*, preemption of the state law by a federal law) apply in this case.

Pavillard properly requested fees under Circuit Rule 39-1.6-1.7 and California Labor Code section 218.5 – the statute that this Court and others have affirmed provides for an award of attorneys' fees on an action for the nonpayment of wages. *See Pavillard v. Ignite Intl' Inc.*, Case No. 22-55633, Dkt. 45-1, Memor. Order (Nov. 17, 2023); *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1256 (2012). Pavillard is clearly the prevailing party in this litigation, with a total victory on her claim and her request for attorneys' fees at the district court, and then she prevailed on Ignite's two appeals in this Court. She is therefore entitled to fees on appeal.

*Family PAC v. Ferguson*, 745 F.3d 1261, 1269 (9th Cir. 2014), cited by Ignite, is not applicable to this case because it involved a party seeking fees under F.R.A.P. 39 pursuant to a federal statute (42 U.S.C. § 1988). That is not what is being requested here – and indeed, Pavillard filed separate cost bills just as required by Ninth Circuit Rule 39-1.6(b)(3), which were granted.

## III. Ignite otherwise failed to oppose Pavillard's lodestar and request for multiplier.

Ignite's opposition does not dispute the lodestar, hourly rate, or Pavillard's request for a multiplier. Ignite only states in single sentences that that "the amounts sought do not comply," and complains that Pavillard filed identical versions of the Motion in each appeal and that the district court denied a multiplier. Ignite Opp. Mem. (Case No. 55-66442, Dkt. No. 53; Case No. 55-633, Dkt. 35) at p. 3.

None of these conclusory statements, individually or taken together, provide an adequate basis to challenge a request for attorneys' fees. As Pavillard explained in her underlying Motion, she prepared identical versions to save costs and fees associated with preparing different versions – a benefit to Ignite. She filed Motions, Form 09s, and supporting affidavits with detailed time records, meticulously breaking down the work done for each appeal. In doing so, Pavillard is not trying to "consolidate these matters" as claimed by Ignite. Ignite Opp. Mem. at p. 1.

Ignite does not dispute the fees were reasonably and properly incurred and has no authority to contradict Pavillard's request for the lodestar with the modest multiplier. Thus, besides the frivolous procedural arguments, Pavillard's request is unopposed, and is respectfully requested to be granted in full for each appeal:

| Firm | Case No. 22-55442 | Case No. 22-55633 | Total Lodestar | Portion Subject to Multiplier | Multiplier @ 1.5 | Total Fees Requested |
|---|---|---|---|---|---|---|
| **Thigpen Legal, P.C.** | $72,415 | $26,840 | $99,255 | $91,530 | $38,040 | $137,295 |
| **Excelsior Law** | $9,185 | $1,650 | $10,835 | $10,835 | $5,417.50 | $16,252.50 |
| **TOTAL** | | | | | | $153,547.50 |

## CONCLUSION

For the reasons set forth herein, Pavillard respectfully requests the Court grant her requests for attorneys' fees stated in the respective Form 09s filed in each appeal.

DATED: January 14, 2024             **THIGPEN LEGAL, P.C.**

                                               By:   /s/ Jordanna G. Thigpen
                                                         Jordanna G. Thigpen
                                                         *Attorneys for Plaintiff*

                                                         9595 Wilshire Blvd. Suite 961
                                                         Beverly Hills, CA 90212
                                                         T: (310) 210-7491
                                                         F: (310) 362-0456
                                                         Email: jt@thigpenlegal.com

DATED: January 14, 2024             **EXCELSIOR LAW**

                                               By:   /s/ Roger Y. Muse
                                                          Roger Y. Muse
                                                         *Attorneys for Plaintiff*

                                                         9595 Wilshire Blvd. Suite 900
                                                         Beverly Hills, CA 90212
                                                         T: (310) 205-3981
                                                         F: (310) 205-0594
                                                         Email: roger@excelsior-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By:   /s/ Jordanna G. Thigpen<br>Jordanna G. Thigpen